Dear Mr. Bouquet:
You requested an opinion from this office regarding whether the Town of Iowa is liable for attorney fees incurred at the request of a member of the town's Board of Aldermen, but without a resolution or concurrence of the Board of Aldermen or the Mayor.
The Town of Iowa was incorporated under the Lawrason Act (Act 136
of 1898, now La. R.S. 33:321, et seq.) La. R.S. 33:1811
provides that, except where otherwise specially provided, a municipality shall have only one municipal attorney and no more than three assistant municipal attorneys. The municipal attorney is appointed by the mayor, subject to the approval by the board of aldermen. See, La. R.S. 33:386(A) and 33:404(A)(3). Additional counsel may be employed by a municipality in cases of extreme necessity. La. R.S. 33:1813. The legislative powers of a municipality are vested in and exercised by the board of aldermen. La. R.S. 33:362(A). Those powers would include the power to approve the appointment of a municipal attorney and the power to authorize the employment of special counsel in cases of extreme necessity.
From the foregoing, it is clear that an alderman, acting alone and without authority granted by the board of aldermen, cannot employ an attorney, whether as a municipal attorney (or assistant municipal attorney) or as special counsel, on behalf of a Lawrason Act town. Therefore, it is our opinion that the Town of Iowa is not liable for attorney fees incurred at the request of an alderman acting without the authority of the town's board of aldermen.
We trust this opinion is sufficient to satisfy your needs. Should you have further questions, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ RANDALL A. KARR ASSISTANT ATTORNEY GENERAL
RPI/RAK/dra
Date Received:
Date Released:
Randall A. Karr Assistant Attorney General